325 So.2d 158

**Price L. MITCHELL et al.**

**v.**

**Gary GREENOUGH et al.**

**SC 1320.**

Supreme Court of Alabama.

Jan. 9, 1976.

Mylan R. Engel, Mobile, for appellants.

Fred G. Collins, and S. R. Sheppard, Mobile, for appellees.

Thomas E. Bryant, Jr., Mobile, for Mobile County Merit System Employees Assn., amicus curiae.

JONES, Justice.

Can a classified city employee be denied pay for a period of authorized leave awaiting outcome of pending criminal charges where he is subsequently exonerated and reinstated? Within the factual context here presented, we hold that he cannot. We reverse and remand.

This declaratory judgment action, filed by the Mobile County Personnel Board on behalf of the aggrieved employee, was tried below on a stipulation of facts, the substance of which follows:

W. C. Clewis is a classified employee of the City of Mobile serving in the capacity of Auditorium Manager, and is under the jurisdiction of the law and rules of the Personnel Board for Mobile County. While so employed, Clewis was indicted by the United States Grand Jury and also by

the Mobile County Grand Jury for certain alleged criminal violations, all of which charges have either been adjudicated in his favor or have been dismissed by the courts. Clewis remained on sick leave with pay from the time of his indictment until December 6, 1973, at which time his accumulated sick leave was exhausted. He remained on absence with leave without pay from December 6, 1973, to June 11, 1974, when he was reinstated. Clewis's request for back pay for the period December, 1973, to June 11, 1974, was denied by the city.

The trial Court held:

"[He] is not entitled to receive back pay for the period of time that the said W. C. Clewis was placed on leave of absence pursuant to the provisions of Rule 3.8 of the Personnel Board for Mobile County, Alabama;"

From this adverse judgment, the Personnel Board appeals.

The Personnel Board of Mobile County exists under the provisions of Local Act No. 470, approved September 15, 1939, Local Acts of Alabama, 1939, p. 298, as amended. Section IX of that Act provides that the Director of the Personnel Board "shall recommend such Rules as he may consider necessary, appropriate, or desirable to carry out the provisions of this Act, and may from time to time recommend amendments thereto." It further provides that "[t]he powers herein conferred upon the Director shall be subject only to the provisions of this Act and of the Rules adopted hereunder . . . ". Pursuant to this authority, the Board promulgated Rule 3.8.

"ABSENCE WITH LEAVE. 3.8. An employee who is temporarily incapacitated from performing his duties, or desires to engage in a course of study such as will increase his usefulness upon his return to duty, or who for any reason considered good by the Appointing Authority desires to secure a leave of absence from regular duty may, upon the recommendation of the Appointing Authority and with the approval of the Director, be granted leave without pay for a period not to exceed one year; provided, however, that approval of the Director shall not be required for a leave or leaves aggregating not more than fourteen (14) calendar days within any twelve (12) months period. No such leave shall be granted for the purpose of enabling an employee to engage in other employment outside the Classified Service; provided, however, that an employee may be granted special leave for a period not exceeding ninety days for the purpose of self employment in agricultural pursuits; and, provided further that, if any governmental agency should request the temporary services of a technically trained employee for the purpose of assisting in adopting or installing a change in service, the Appointing Authority may, with the approval of the Director, authorize a leave of absence. An employee requesting special leave without pay shall submit his request in writing, stating the reasons why such a request should be granted, the date when he desires leave to begin, and the date of return to duty. An employee who fails to report for duty upon the expiration of any such leave of absence will be considered to have resigned.

"An employee who, at the direction of his Appointing Authority, attends a conference or institution for training or instruction, shall be considered to be on duty.

"When an employee has been charged with a violation of the penal code, the Appointing Authority may place him on Leave of Absence, subject to the approval of the Director, until the matter has been adjudicated in the Courts, but not to exceed sixty (60) days. If a further extension is necessary, it must be approved by the Personnel Board."

(The last paragraph of the foregoing Rule was promulgated by the Personnel Board on September 9, 1971.)

The City contends that because the original Rule 3.8 (entitled "Absence With Leave") prescribed that under certain conditions (incapacity, etc.) leaves of absence were authorized without pay, a leave based on another condition (criminal charges), which was added by amendment, was also without pay. In other words, by adopting a rule which included conditions authorizing leave of absence and expressly providing that under such enumerated conditions the granted leave would be without pay, the Board's amendment of that rule adding another ground implicitly adopted the "without pay" provisions of the original rule.

On the other hand, the Board argues that Rule 3.8 is not a "without pay" rule, but a "leave of absence" rule. Since the added condition for the grant of leave contained in the amendment makes no mention of pay for the period of leave granted, and since the conditions of the original rule are voluntary while the condition of the amendment is involuntary, leave with pay is the apparent intent of the amendment.

While these arguments present an interesting challenge of legislative interpretation as they relate to Rule 3.8, as amended, our resolution of the ultimate issue must begin with an analysis of the statute creating the Board.

■ In Section XXIII, the Act creating the Board prescribes the procedure for suspension without pay. The provisions of that section require a hearing in any suspension for a period of more than thirty days within one year. The Board cannot circumvent that requirement with euphemisms. An involuntary "leave of absence" without pay is tantamount to a suspension and the due process requirement of a hearing as provided in Section XXIII is necessary.

■ The distinction between the first portion of Rule 3.8—establishing leave of absence without pay—and the amendment to the Rule—providing for leave of absence for anyone charged with violation of the Penal Code—is that the former leave results from the voluntary request of the employee to be put on leave, while the latter results from the act of the Appointing Authority without the consent of the employee. The Board is specifically authorized under its rule-making power to make reasonable provisions for "leave of absence" as it has done in the first portion of Rule 3.8. But when it amended the Rule to include involuntary leave of absence for employees charged under the Penal Code, the Board had to comply with the suspension section (§ 23) of the Act. Since the leave of absence under the penal charges amendment can extend for more than thirty days in one year, the employee cannot be deprived of his pay without a right to a hearing. This amendment provided no right to a hearing nor was a hearing held. Therefore, the amendment is ineffective to preclude Clewis's right to back pay.

Reversed and remanded.

HEFLIN, C. J., and MERRILL, BLOODWORTH, FAULKNER, SHORES, and EMBRY, JJ., concur.

MADDOX, J., dissents.

ALMON, J., not sitting.